JAMES DEWEY AND WILLIAM A. ALLEN v. MARION T. BILLINGS AND ROBERT R. LITTLE.

*Equity—Bill to compel set-off—Remedy at law.*

Complainants, as copartners, erected certain buildings for defendant Billings, and obtained $500 of one Mills, for which Dewey gave his note, which complainants claim was paid by Billings out of moneys due complainants, with their consent. Dewey also gave his note to Billings for $200, to be valid if on final settlement nothing was due to complainants from Billings, he claiming *not* to owe them anything at the time. Complainants afterwards brought suit under the lien law for the balance due them from Billings, and pending such suit filed the bill in this case, setting up the foregoing facts in detail, and charging that defendant Little held the notes without having paid value for the same, and with full knowledge of the rights of complainants (which Little in his answer denies, and claims to be a *bona fide* holder), and praying that said notes should be set off in said lien suit against complainants' claim, and be regarded as *paid*, and be *canceled*.

*Held*, that complainants' remedy, if they have any, is at law, their claim being in the nature of a set-off, and available, if valid, when suit is brought upon the notes, which is doubtful from the testimony, which fails to show any *mutuality* between the parties before the court.

Appeal from Wayne. (Gartner, J.) Argued February 7, 1889. Decided July 11, 1889.

Bill filed to secure the set-off of notes of *one* of the complainants, against the claim of the firm sought to be enforced under the lien law against defendant Billings. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Parker & Burton,* for complainants.

*Frazer, Barbour & Rexford,* for defendants.

SHERWOOD, C. J.   The parties in this case all live in Detroit.   The complainants are partners

It is claimed by complainants, and they aver in their bill, that they entered into a contract with defendant Billings, in 1887, to erect several buildings for him in Detroit, and that they furnished certain material for the same, and did certain extra work in erecting the buildings, in all amounting to $7,070.46, and that they received towards payment of the same $4,675

That complainants then obtained of one Carlton H. Mills $500, for which Dewey gave his note, payable on demand, with interest at 10 per cent., with the understanding with Mills, who had certain contract relations with Billings, that it was to be presented to Billings, who was to pay the amount thereof out of moneys which he would otherwise pay to Dewey & Allen under the terms of the contract, and that the firm would credit Billings with the payment of the same, and the note should be then considered canceled and paid; that said note was thus presented by Mills, and paid by Billings, and that this was done with the full knowledge of the agreement made by Dewey and Mills; that on the twentieth of January, 1888, other moneys were due from Billings, and Dewey requested Billings to pay the same. Billings, however, claimed that there was no money so due, but did pay to Dewey for

complainants $200 more, on condition that Dewey would give his note therefor, to be held against Dewey if on final settlement nothing should be found owing by Billings to the firm, as Billings claimed.

The firm and Billings afterwards failed to agree on a settlement, and Dewey & Allen then filed their claim of lien upon the buildings they had erected for the sum of $2,317.94, and took such further proceedings as were necessary in the prosecution of the lien, but, before suit was commenced under the lien law, the matters between the firm and Billings, under the claims of the parties, were submitted to arbitration, and the arbitrators made their award that Billings owed the complainants $1,870.46, besides the amount due under the contract, which, when added, amounted to $7,070.46, less the amounts before paid by Billings, which, when deducted, left due to complainants $2,570.46; and complainants allege that it was always understood and admitted by them that the two notes given by Dewey should be allowed by complainants in reduction of the said indebtedness from Billings to complainants, and that said firm have always been willing it should be so allowed, and that complainants were always willing to give such credit when Billings should surrender up the notes to Dewey, and Billings always claims it should be so done, but neglected to deliver up the notes; and complainants insist that the amount of said notes should be set off in the suit now pending for the enforcement of the lien, and expected that course would be taken.

Complainants further aver that, in consequence of the land upon which the buildings are erected being leasehold property, complainants cannot make the amount of their lien, and that Billings has no other property out of which complainants can collect the money he owes them. They insist that they are equitably entitled to have Dewey's notes allowed to them in said lien suit, and that Billings should not have them held against said Dewey or the complainants in

the hands of other parties; that said defendant Little holds said notes with knowledge of all the facts, and without paying anything therefor, and now threatens to bring suit thereon for the recovery of the amounts appearing upon the face of the same; that the amount of said notes, when deducted from complainants' lien, will leave a large balance due complainants, and which they will be unable to collect, because of the insolvency of Billings; and they ask that Little may be enjoined from disposing of said notes, and from maintaining any suit upon the same; that they may be allowed upon the amount due under the lien suit which is now being prosecuted in the Wayne circuit court, and that they shall be regarded as paid and delivered up to be canceled; that they have no other adequate remedy, under the circumstances stated in the bill.

Billings, in his answer, admits most of the material facts charged, but denies the value of the work and material as charged by complainants, and the understanding and conditions which complainants allege in their bill were made at the time of giving the notes. He also denies his insolvency, and avers that he purchased the $500 note of Mills, and sold it to defendant Little.

Little admits his possession of said notes, and avers he purchased them in good faith, and that he has no knowledge of the other facts and circumstances mentioned in the bill; and both defendants claim the benefit of a demurrer, upon the ground that the complainants' bill states no facts entitling them to equitable relief.

The case was heard before Judge Gartner, upon pleadings and proofs, who rendered a decree dismissing complainants' bill, without prejudice to complainants—

"To use their claim described in their bill of complaint in this cause by way of set-off or recoupment against the said defendants in any action at law now pending or hereafter to be brought" upon the notes.

Complainants bring their appeal from said decree to this Court, and ask for its reversal.

We think the decree entered by the circuit judge must be sustained. Upon the facts stated, the complainants' remedy is at law, if they have any, and cannot be considered in a court of equity. The claim made and the relief asked by complainants is in the nature of set-off, and, if it can be maintained at all, it can as well be done at law, when suit is brought upon the notes, as in equity; but upon the testimony appearing in this record it is doubtful whether it can in either case. The testimony fails to show any such mutuality between the parties before us as is necessary to sustain such a claim. It does not show that the firm of Dewey & Allen received the money upon these notes, or the benefit of the same, and it clearly appears that the claimed contract or understanding relating to the notes, or the use that was to be made of them, was between Billings and Dewey, and not between the parties to this suit.

In any view that can be taken of the case, the relief asked for cannot be obtained in this suit, and the decree must therefore be affirmed.

The other Justices concurred.